Turley J.
delivered the opinion of the court.
This is an action of trover brought by the plaintiff, as administrator de bonis non, against-the defendant, for the wrongful conversion of a negro girl slave, named Caroline. The declaration contains two counts. The’ first charges that the plaintiff was in possession of the negro girl, as of his own property: The second, that he was in possession of her as administrator; both counts aver a loss of possession and a conversion by the defendant.
Upon an issue upon the plea of not guilty, there was a verdict for the plaintiff, and damages assessed in his favor at five, hundred dollars; but judgment thereon was arrested on the motion of the defendant, and thereupon the plaintiff prosecutes a writ of error to this court. The cause for which the circuit judge arrested the judgment is a supposed misjoinder of action; this misjoinder is said to exist in the two different allegations *660 of the plaintiff’s right of possession of the negro girl, as stated in the two counts of the declaration; the first charging that he was in possession in his own right, and the second that he was in possession as administrator. It was considered that there are two distinct causes of action set forth in the declaration against the defendant: the first accruing to the plaintiff in his private and individual capacity, and the second in his representative.' If this were so, the circuit judge committed no error in arresting the judgment, for there is no principle of pleading better settled, than that a person cannot, in the same action, join a demand in his own right, and a demand in outer droit. But we think that such is not the case in this action, and that a contrary opinion has obtained, for want of a careful scrutiny of the declaration; and a misconception of the nature of the demand as set forth in the two counts of the declaration, considering the first to be a demand on the part of the plaintiff in his own right, and the second in the right of his intestate; it will not be difficult, we think, to expose the fallacy of this conception..
What is the demand in this case? It is damages for the wrongful conversion of the negro girl Caroline. To sustain the action brought for the recovery of these damages, it is necessary that the plaintiff should have had a complete property, either general or special, in the negro, and also the actual possession or the right to the immediate possession of her. The plaintiff in his declaration has thought proper to set forth his title as general in the first count, and in the second as special; either of these constitutes a complete property in the negro to the plaintiff and the actual possession is charged to have been in him. Now, although it is necessary in order to maintain this action, that the plaintiff should have a complete property, either general or special in things sued for, yet it is for the wrong done to the possession or the right to the pos *661 session that the action is brought, and for which the damages' are given, for the conversion is the gist of the action, and this possession, or right of possession is the same in legal estimation, whether the title by virtue of which it vests, be general or special; that is, if one be in possession or entitled to the possession of personal property, and it be converted by another, the injury is the same to him, and he is entitled to the same damages, whether he be the general owner or special owner, or bailee thereof; and in as much as it is for this injury he sues, he may, in order to support his action, state his title in his declaration, either as general owner, or special owner, or bailee, or in both ways, in order to cover the whole ground. In the first count he may charge, that he was in possession in his own right; and in the second, that he was in possession in his right as bailee of the true owner; and it would be no misjoinder; for as has been observed, the wrong done is to the possession and not to the title; and the action brought is not upon two distinct separate demands, the ope in plaintiff’s qwn right, and the other in auter droit; for though, in the second count, he claims the property as bailee, yet it is not an action in right of the bailor, but in right of the bailee. So it is when a man is in possession of personal property as executor or administrator, and a wrong has been done to that possession by a conversion of it, and he brings an action of trover for ■ that conversion, he may charge in his declaration, that he was in possession of the property, either in his own right, or in his right as executor or administrator, the one being a general and the other a special right, and for safety he may charge it both ways, and it is no misjoinder; for in either way it is an action upon a demand in his own right, and not in the right of another, for in as much as it is in either case his own. possession which has been invaded, and as it is this which gives the cause of action, it must of necessity be upon a demand in his own right *662 and notin that of another. In what other can it be? Surelynot that of his testator or intestate, for no wrong has been done to their property. By 4th and 25th of Edward 3d, an executor or administrator may have trover for thé goods of the deceased taken in his lifetime.
Now, if one of the counts in this declaration had been under these statutes for a conversion in the lifetime of plaintiff’s intestate, and the other for a conversion of his own property, then would there have been clearly a misjoinder, because there would have been a demand in his own fight, joined with a demand in auter droit, to wit, that of intestate. And this is what is meant and nothing more, when it is said in the books/that an executor or administrator cannot include counts on causes of action accruing to him in his private right and individual character, with counts on causes of action which are laid to have been vested in him in his representative character, viz, causes of action which accrued to the testator or intestate and are .sued upon by their executor or administrator, as his personal representative. An executor or administrator, therefore,cannot in" the same action sue upon contracts made with his testator or intestate in his lifetime, and which have survived to him as his personal representative, and contracts made with himself in his individual capacity, because they are demands in different rights. So neither can he unite in one action demands for the conversion of the property of his testator or intestate in his lifetime, and for which a right of action survives to him under the 4th and 25th of Edward 3d, with demands for the conversion of his own property. To this extent the authorities are abundant, but there is not one that goes further. We are of opinion, then, that the circuit judge was mistaken in supposing that the two causes of action, as set forth in the declaration in this case, are for demands accruing in different rights, and that he, therefore, erred in re *663 fusing to give judgment in favor of the plaintiff upon the verdict, and in arresting the same. And, we now proceeding to correct this error, do direct a judgment here in favor of the plaintiff for his damages assessed and costs.